The next two cases, which will be heard simultaneously, Smalls v. County of Suffolk. Is counsel here for County of Suffolk? I am. Okay. Thank you. You ready? I am, Your Honor. Okay. It was a rough travel morning. Mr. Monier? Good morning. May it please the Court. My name is Noel Monier. I represent the Smalls family at both the district court and here at the appellate level. As such, I respectfully submit that the district court abused its description when it dismissed a trial-ready case where the plaintiff has already deposed five defendant witnesses for my failure to appear timely at a pretrial conference. Whether the court employs a 41B standard or the Rule 60 standard, which was put forth before the district court and which was not decided until after the appellants had briefed the plaintiff, no matter what standard is employed, there is no case law that supports dismissal under these circumstances. Did you argue that to us in the brief in which you were arguing that Judge Forestine abused her discretion in dismissing that case? Under which appellate number? There was a judgment entered when she dismissed the case with prejudice. The original appeal. Right. The original appeal. The original appeal at the time. Well, the local court has a bundle rule, a local bundle rule, which meant that the court wouldn't – meant that I had to – that notice of appeal had to be filed within 30 days. And within 28 days from the time that the court, I think on April 18th, had dismissed the case, I had to make a motion to vacate the default, which I did in a timely fashion. Under the bundle rule, I don't think it was fully – I don't think it was fully submitted until the summer, I believe sometime in July. The court did not issue its decision on the underlying motion, which I was seeking to develop the record to see whether less sanctions – whether lesser sanctions could be discussed, whether the court could actually hear what had actually happened that day, which was just that I was appearing in two other cases, I'm a sole practitioner, and made a mistake thinking I'd get there by 1115. And didn't call. And didn't call. But no, Judge, I was in court. And then I checked my messages, and even though the court says in its decision denying the Rule 60 motion that it made efforts to reach the court, that's not accurate. It was actually my colleague to the right that actually made two efforts to call me right when the case was called to tell me, hey, the case is being called. And secondly, the court had just dismissed the case, not on his own motion, but sua sponte, moments afterwards. But you're not answering Judge Hall's question. Oh, sorry. Judge Hall's question was, when you briefed the original appeal here – forget about the district court, its bundling rules, irrelevant, any of that. When you briefed the original appeal here, did you make the argument that you're now propounding? Well, as it related to Rule 60, and then in the second appeal after final judgment it issued, I argued both Rule 60 and Rule 41. So you filed your appeal from the Rule – you're saying you filed your appeal from the Rule 41? Yes. All right. Yes. And then after the final judgment, after the Rule 60 motion had been denied, and the court had issued its decision, that's when I argued for the first time the Rule 41B analysis, and together with the Rule 60 analysis. And I'd like to direct the court – I'd respectfully like to direct the court to the case of Harding v. Federal Reserve Bank. And I think that case is the most on-point case that's been set forth in the entire brief, and the brief submitted by any of the parties. In that case, the plaintiff's counsel, who also had failed to appear because she said that she was otherwise actually engaged in a family court matter, not only did she miss the court appearance, she also missed by three days another time extension for her to amend the complaint. After that, she brought a Rule 60 motion and then filed for notice of appeal. In that case, the district court had issued a hearing in connection with the Rule 60 motion to flesh out whether there could – the availability of lesser sanctions and what it actually had transpired. Right. Look, you had been warned by Judge Feuerstein, because you hadn't shown up once before, that she wasn't going to tolerate this sort of thing, right? That is correct, and I brought an order to show – So why didn't you – why didn't you find somebody to cover? Why didn't you call the court? Why didn't you do something when you realized you were going to be late? Well, there was another attorney that had covered this case for me before, and he was away on vacation that day, and the only person who covered the criminal case that I had in Queens and the Nassau County Supreme Court case was me. I miscalculated. Why not make a phone call, Mr. Mooney? If I had other resources available to me, if I was like the county attorney's office and I could call my paralegal or I could call the office, I could say, can somebody get a hold of this individual? I would happen to be in court at the time. What about at 8 in the morning, you call the clerk's office and say, would you please tell Judge Feuerstein I have to be in another court on a criminal matter, and it may be a conflict in timing, and I will make every effort to be there on time? I regret that I hadn't. I really regret that I hadn't. I could tell you that I really regret that I hadn't. I have funded this entire appeal on my own, but I've got to tell you that no case here where a dismissal was issued, were there any circumstances that were – What do you think would have been an appropriate sanction? You say a lesser sanction would have been appropriate. What's the appropriate sanction in this case? The court could entertain fining me. The court could entertain – the district court could entertain sanctioning me directly and not taking it out on my clients. Monetary sanction? Yes. So let's talk about how much. Well, I could tell you right now that as a sole practitioner and a young attorney that I've already spent $6,000 out of my own pocket to prosecute these two appeals. I don't think something that would have been in that amount would have been out of line, but I could tell you, though, on April 18th in 2016, this is a trial-ready case. We could have already tried this case. It's trial-ready now? Nothing's different, yeah. We've complied with every discovery demand, and we prosecuted the case as best we could to its totality. We finished discovery, completed discovery, and deposed five defendant witnesses. We're all done with our discovery demands, and we complied with every other discovery demand. Is the county done as far as you know? As far as I know, and they never brought a motion. Back to Judge LaValle's question, how about paying the county its fees for preparation for the – what was it? It was a status conference? It was a status conference. A trial conference? A trial conference? I would be okay with that. I mean, obviously, if I've already spent $6,000 out of pocket, I would have done whatever – I just don't want it being taken out on my clients. My clients did nothing wrong, and they're the ones who went to the expense of paying for the court reporter, for the five deposition witnesses, and for bringing this case in the first place and initially retaining me. I don't – there is no case that's been set forth either by the county or by the district court that justifies dismissing this case under these circumstances. None. If you look at all the other cases, there are really egregious delays, and sometimes it seems willful, and other times the cases are totally neglected. This is not the case here. Have you run into a situation like this since then? I don't want to know the details, but yes or no? No. No. Have you changed the way you manage these potential conflicts? Especially with the federal court. I'm not as experienced in the federal court as I am in the state courts. I cannot contemplate having my case dismissed. The courts are courts in terms of wanting people to show up on time. Absolutely. Absolutely. But I'm definitely more cognizant of it now. But I think the court should be aware that my case was dismissed when I was 15 minutes late for the calendar call. I've never heard that happening in state court or in any court. Do you have a record in this case what the plaintiff's actual damages are? Not psychological or based on the affront. Well, first, if I may, I'd like to just have the court note that the district court didn't pass on any merits of this case. No, I understand that. I'm just – in the record of the case, is there some indication – Yes. You can sum up for us. There was some property damage and some alleged stolen property. What's the value of all of that? Under $10,000 for those items. Over? Over $1,000. But the deposition testimony of these witnesses indicates that this has been a practice going on for 14 years in Suffolk County. Your red light is on. We're going to hear from Mr. Mitchell, and you reserve three minutes for rebuttal. May it please the court. Good morning. I have tremendous sympathy for Judge Feuerstein. It happens to me all the time. Do you really think that in all the circumstances, after the close of discovery, for being late, that dismissal was a proportionate sanction? Your Honor, I think it was proportionate based upon Judge Feuerstein's reasoning in her ultimate denial of the 60B motion, wherein she noted that to create the exceptional circumstance that would allow for the 60B to be granted, that evidence should be convincing that's presented to the court. And Judge Feuerstein found in her decision, the 60B— Say that again. Evidence should what? Should be convincing. It should be highly convincing of the reason why the moving party was unable to attend or the reason why the Rule 60B should be granted. Nobody is contesting whether a sanction was appropriate and even a serious sanction, but the question is whether dismissing the case in these circumstances is imposing a sanction which is—well, it's not so much that it's too serious, that it's falling on the wrong person. That it is—that where an attorney has made, let us say, an inexcusable failure to appear in time at the court, in these circumstances, it justified to dismiss the case and throw out the plaintiff's case rather than put a sanction on the attorney. I appreciate that, Your Honor. What I was getting to was in Judge Feuerstein's decision. She indicated that the reasons that the plaintiff's attorney gave, she found to be not convincing. In other words, she looked at what counsel presented as the reason it wasn't there and made a factual determination that it was not convincing. That what was not convincing? He was indisputably in the state Supreme Court. He was in another court. And then he was in a car on his way to the courthouse, to the federal courthouse. Yes, Judge. And Judge Feuerstein was a state court judge, so she knows some things about how things work in state court. I don't know that she was a state court judge. I appreciate and take your word for it, obviously. It's just the fact that in her decision, she evaluated counsel's reasons and found them to be not convincing. She found them inadequate. There's no question. And our argument— He made a terrible mistake. He was careless. He was careless with her time. And that is an affront to the court, and it should be sanctioned. But the question, as Judge LaValle has said, is did the sanction here fall on the wrong party? Your Honor, my view is it did not when essentially what Judge Feuerstein was saying in his decision, in all due respect to plaintiff's counsel, was that she didn't believe him. When he submitted an affidavit for the reasons why he wasn't there, she said it was unconvincing. Under that standard, I believe that what she decided was not an abusive discussion. It's not convincing as a reason for having no one show up in court and not having sent a message to the court to explain that. It's not a convincing reason. It doesn't exculpate the attorney. But I don't see how that answers the other question as to whether it justifies the imposition of a sanction that consists of throwing out the plaintiff's case. Well, Judge, I think the issue is whether it was an abuse of discretion on the part of Judge Feuerstein. And my argument would be it was not under those circumstances. So let me back you up for here a second. If counsel, if your adversary, had not filed a 60B motion, on what basis would Judge Feuerstein have determined that an appropriate sanction here was dismissal with prejudice? That's based on what she did at the conference, and that would have been based on his failure to appear, not having heard from him on the day of the conference. What does our jurisprudence say about what the court then does before taking the action that she took? Well, in that instance, it would be a Rule 41 determination. And the court is always looking for reasons. And I do have to – I will concede that Judge – But don't we – isn't the jurisprudence of this circuit, at least, that the trial court issues an order to show cause? She did that at the beginning, Judge. In this instance, she did not. Yes. And then she sanctioned him, or whatever she did. And this happened again. Yes, Judge. And in her view –  Then you can do whatever you want. Yes, Judge. And she decided to just dismiss sua sponte at that point. But she didn't have anything to consider other than the fact that he hadn't shown up. He hadn't shown up. It's not on the record. But counsel represented that I did – And don't we like to know what's on the record so that we can make some assessment of how the district court has assessed these things and reviewed that for abuse of discretion? Yes, Judge. That's true. And there wasn't anything in the record at the time? Not in the record. Not in that ruling, right? Not in the record. But ultimately, in her decision – Isn't that a problem? Well, I think it would be a problem if it wasn't in the 60B decision. She revisits that in the 60B decision and addresses the concept of the Rule 41 standards. Mostly looking at the impact of the non-appearance on the time and resource of the court. And she revisits that in the rule. So there is some basis to evaluate why she dismissed it in the first instance. There is, but not one that she had before her at the time she made the ruling. That she put on the record? No, Judge. Okay. And you guys – I mean, this was trial ready, right? Yes, Judge. And it is still trial ready? It is. Other than, you know, give you a week to get your witnesses together or whatever you need. Yes, Judge. Exactly. Okay. A month. Yes, Your Honor. Thank you. All right. Thank you. Thank you, Mr. Mitchell. Yes, Mr. Mumier? I just thought it would be important for the Court to note that the district court didn't note any prejudice suffered by the defendants in their opinion – in its opinion. And I'd also like the Court to further note the defendants don't even articulate any prejudice that they've suffered in connection with anything – this motion practice, this appellate process. Except the obvious. That is, to spend time sitting in court waiting for you to show up and not getting anything accomplished. Exactly, Judge. And I'd just also like to address it was my understanding, too, from the Court's opinion, what Mr. Mitchell just shared with the Court, that it seemed as if the district court had found unconvincing that I was in state court and in criminal court that day. I'm not sure why. That was uncontroverted, and I believe I supplied copies of the documents. Well, I think what she found – as I read her opinion, I think what she found unconvincing was that you would think you could do three courts in one morning in three different counties without trying to get an adjournment from somebody. I would have found that unconvincing. I thought I could get there – I thought if I could get out of Queens early and just stop in Nassau and then I'd be in Central Islip by 11.15. I don't even live there, but I've driven there once. I don't even think that's possible for me. And I don't have to be in court. Judge, I am a sole practitioner, for whatever it's worth. I understand. And I did – and the only other – there's another attorney that had conferenced this case twice in this case, and that attorney was out of town. I didn't know anybody else who could conference any of the other cases. I should have called, but I made a mistake. We understand. Okay. Thank you. Thank you. Thank you both. We'll reserve decision in this case – these cases. But we will treat them as one. I expect you will get one decision.